## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| SWEETIE PIE'S UPPER CRUST, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SWEETIE PIE'S BAKERY, LLC <br><br> Serve at: <br> Lydia Marie Allen <br> 2006 Willowshade Court <br> Saint Peters, MO 63376 <br><br> and <br><br> LYDIA MARIE ALLEN <br><br> Serve at: <br> 2006 Willowshade Court <br> Saint Peters, MO 63376 <br><br> Defendants. | **JURY TRIAL DEMANDED** <br><br><br> Case No. 4:20-CV-1031 |

## COMPLAINT FOR TRADEMARK INFRINGEMENT
### (INJUNCTIVE RELIEF DEMANDED)

COMES NOW Plaintiff Sweetie Pie's Upper Crust, LLC ("Plaintiff"), by and through its undersigned counsel, and hereby states for its Complaint against defendants Sweetie Pie's Bakery, LLC ("Bakery") and Lydia Marie Allen ("Allen" and collectively referred to herein with Bakery as "Defendants") as follows:

## SUMMARY OF THE ACTION AND PARTIES

1.      Plaintiff brings this action against Defendants for violations of Plaintiff's registered trademark SWEETIE PIE'S® under the Federal Trademark Statute, 15 U.S.C. § 1114 and for trade name infringement and unfair competition in violation of Missouri common law.

2.      Plaintiff is a Missouri business that has been using the trade name "Sweetie Pie's" in commerce since at least 1996 in connection with restaurant services and owns the federally registered mark SWEETIE PIE'S®.

3.      Specifically, Plaintiff has maintained a St. Louis area SWEETIE PIE'S® restaurant for the past 23 years, which has been visited by hundreds of thousands of customers in that time.

4.      Plaintiff offers a menu that features entrees, side dishes, and many baked goods for dessert including cobblers and cakes, all of which are Plaintiff's homemade, in-store creations.

5.      Specifically, Plaintiff prominently features cakes, pies, salads, soups, and biscuits.

6.      Plaintiff also had a television show "Welcome to Sweetie Pie's" that ran on the Oprah Winfrey Network for many seasons, lasting from 2011 to 2018.  Plaintiff began to gain national recognition for the name "Sweetie Pie's" following its television success.

7.      In recent years Plaintiff opened multiple restaurant locations including restaurants in Houston, Texas and Jackson, Mississippi using the "Sweetie Pie's" mark for the names of those restaurants.

8.      Plaintiff has worked for decades to build and maintain the goodwill and reputation associated with the SWEETIE PIE'S® name.

9.      Defendant Bakery is a Missouri business that began using the name "Sweetie Pie's Bakery on Main" in connection with its operation of a bakery in St. Charles, Missouri starting in approximately November of 2019.

10.     Bakery, like Plaintiff, prominently features cakes, pies, salads, soups, and biscuits.

11.     Bakery is located approximately twenty-two miles from Plaintiff's St. Louis location; this is a drive of less than thirty minutes.

12.     At all times relevant, Defendant Allen owned, controlled, and/or operated Bakery, which is located at 519 S Main St, St Charles, MO 63301.

13.     Allen has knowingly facilitated Bakery's trademark infringement of the "Sweetie Pie's" word mark.

## JURISDICTION AND VENUE

14.     The Court has original subject matter jurisdiction over this controversy pursuant to 15 U.S.C. Section 1121 and 28 U.S.C. Sections 1331, 1338, and 1367 because Plaintiff is bringing a claim for trademark infringement pursuant to the Federal Trademark Act of 1946, 15 U.S.C. 1051 et seq.

15.     Additionally, this Court has jurisdiction over Plaintiff's common law service mark infringement and unfair competition claims under 28 U.S.C. § 1338(b) because these claims are joined with, and substantially related to, Plaintiff's federal service mark claims.

16.     Defendants are subject to personal jurisdiction in Missouri because Bakery can be found at its location in St. Charles, Missouri within this District; upon information and belief, Allen also resides within this district.

17.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because the events giving rise to the claims occurred in this District. Upon information and belief, Defendants engaged in trademark infringement in this District, and Defendants are subject to personal jurisdiction in this District and reside or can be found in this District.

### THE TRADEMARK AT ISSUE

18.     Plaintiff is the owner of a federal trademark for the name SWEETIE PIE'S®, Registration No. 4197573, Registration granted August 28, 2012. A copy of the registration is attached hereto as **Exhibit 1**.

19.     As set forth above, Plaintiff has operated a restaurant business bearing the trade name "Sweetie Pie's" name in the St. Louis area since at least 1997 and has maintained its federally registered trademark for SWEETIE PIE'S® since 2012.

20.     The owner of Plaintiff, Robbie Montgomery ("Miss Robbie"), opened the first "Sweetie Pie's" restaurant in Dellwood, Missouri in 1996 under the trade name and service mark SWEETIE PIE'S® (hereinafter the "Sweetie Pie's® Mark").

21.     Since 1996, Plaintiff and its approved affiliates have developed and promoted their restaurant businesses under the Sweetie Pie's® Mark.  Plaintiff uses the name "Sweetie Pie's" for its restaurants located outside the St. Louis area and has gained recognition for its word mark outside the St. Louis region.  Plaintiff previously granted its authorized affiliate SPR, LLC ("SPR"), a license to use the Sweetie Pie's® Mark in connection with a website and a national television show, "Welcome to Sweetie Pie's", that showcases Plaintiff's restaurants (herein the "Television Show").

4

22.     Since 1996, Plaintiff and its approved affiliates have continuously and extensively promoted the authorized restaurants under the Sweetie Pie's® Mark.

23.     Since 1996, Plaintiff and its approved affiliates have sold millions of dollars in food and beverages under the Sweetie Pie's® Mark.

24.     Plaintiff's restaurant business gained national attention from the Television Show, such that the authorized restaurants have now become popular tourist destinations.

25.     As a result of the recognition, fame, and popularity of the Sweetie Pie's® Mark, the authorized restaurants, Miss Robbie, and the Television Show, a cookbook using the Sweetie Pie's® Mark was released to further promote Plaintiff's brand (herein the "Cookbook").

26.     Plaintiff has developed a reputation for high quality food and entertainment associated with the Sweetie Pie's® Mark.

27.      Beginning in 2014, Plaintiff began to use the "Sweetie Pie's" word mark for the sale of tea flavored beverages and ready-to-drink beverages, Registration No. 4736256, Registration granted June 3, 2014. A copy of the registration is attached hereto as **Exhibit 2**.

28.     Plaintiff has gained national recognition for the Sweetie Pie's® Mark.

29.     By virtue of the goodwill and reputation for quality associated with the Sweetie Pie's® Mark, the extensive restaurant sales, and marketing under the Sweetie Pie's® Mark, and the national fame and recognition of the Sweetie Pie's® Mark due to the success of the Television Show and Cookbook, the Sweetie Pie's® Mark has developed significance in the minds of the purchasing public.

30.     Due to the high quality of its services, its substantial advertising, promotional and sales efforts and the national fame and recognition of the Sweetie Pie's® Mark due to the national

success of the authorized restaurants, the Television Show and Cookbook, Plaintiff has achieved

wide consumer acceptance for restaurant services and related goods and the reputation of the

highest quality and prestige.

31.     By virtue of Plaintiff's extensive use of the Sweetie Pie's® Mark and the Sweetie

Pie's trade name, including its use in the Television Show and Cookbook, those marks and trade

name have become so well known to the trade and purchasing public that food services offered

in conjunction with those marks and trade name and the business operated under those marks and

trade name are recognized as emanating from, or being associated with a single source.

### INFRINGEMENT BY DEFENDANTS

32.     Defendants are not associated with Plaintiff and have never been licensed or

authorized to use the Sweetie Pie's® name.

33.     In approximately November of 2019, Defendants began to use the name "Sweetie

Pie's" in connection with their storefront in St. Charles, Missouri. A print-out from Defendants'

website is attached hereto as **Exhibit 3**.

34.     In addition to the use of the name Sweetie Pie's at the St. Charles storefront,

Defendants maintain an online presence where they also use the name Sweetie Pie's:

        a)     https://www.sweetiepiesbakeryonmain.com/
        b)     https://www.facebook.com/sweetiepiesbakeryonmain/
        c)     https://www.yelp.com/biz/sweetie-pies-bakery-saint-charles

35.     Defendants' use of the name Sweetie Pie's Bakery on Main is confusingly similar

to those of Plaintiff's Sweetie Pie's® Mark and the authorized Sweetie Pie's restaurants,

particularly because Defendants promote and sell many of the very same products that Plaintiff

sells.

36.     Plaintiff has expended substantial efforts and funds over the years since 1993 to promote the Sweetie Pie's® Mark and to create name recognition and a favorable business reputation for the name among consumers and customers.

37.     Defendants' use of "Sweetie Pie's" in connection with restaurant and food services infringes on Plaintiff's federally registered rights in the Sweetie Pie's® Mark and Plaintiff's common law rights to the Sweetie Pie's trade name.

38.     Defendants' use of Plaintiff's trademark is likely to cause and has caused actual confusion among the public and customers.

39.     Defendants refusal to stop using the name Sweetie Pie's is indicative of their intent to deceive the public and trade off of Plaintiff's goodwill in the Sweetie Pie's® Mark. Defendants have continued to use the Sweetie Pie's name despite having knowledge of Plaintiff's rights in the Sweetie Pie's® Mark.

40.     As a result of Defendants' actions, Plaintiff has been damaged in an amount not presently ascertainable.

41.     Plaintiff has made written demand upon Defendants to cease and desist its infringing conduct, and defendant has refused to do so.

42.     Defendants' infringement of Plaintiff's trademarks, unless enjoined by this Court, has caused and is likely to cause confusion, mistake and deception of consumers, prospective customers, and members of the public.  As a result, Plaintiff has suffered and will suffer irreparable injury to and dissipation of its reputation and good will for which Plaintiff has no adequate remedy at law.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT - 15 U.S.C. SECTION 1114

43.     Plaintiff incorporates by reference all prior paragraphs of this Complaint as if such were fully set forth herein.

44.     The Sweetie Pie's® registration is valid, subsisting, in full force and effect, and has never been abandoned.

45.     Sweetie Pie's® Mark is owned, controlled and being used in commerce by Plaintiff.

46.     By virtue of the goodwill and reputation for quality associated with the Sweetie Pie's® Mark and the extensive restaurant sales and marketing under the Sweetie Pie's® Mark, Sweetie Pie's® Mark has developed a meaning and significance in the minds of the purchasing public and serves as an identifier showing the quality and source of the goods and services.

47.     Defendants, without Plaintiff's consent, have used and are using the name Sweetie Pie's in connection with the sale, offering for sale, distribution or advertising of goods or services, which is likely to cause confusion, to cause mistake, or to deceive in violation of 15 U.S.C. Section 1114.

48.     Defendants' actions demonstrate an intentional, willful and malicious intent to trade upon the goodwill associated with Plaintiff's Sweetie Pie's® Mark.

49.     Plaintiff is being and will continue to be damaged by Defendants' infringement, which causes a likelihood of confusion and actual confusion among customers and prospective customers as to the true identity, source, affiliation or sponsorship of Defendants' goods and services.

50.     Because of Defendants' infringement, Plaintiff has suffered and will suffer damage to its business reputation and goodwill, as well as loss of sales and profits that it would have made but for the unlawful acts of Defendants.

51.     Plaintiff is entitled to permanent injunctive relief, an accounting of Defendants' ill-gotten profits, Plaintiff's damages, and Plaintiff's reasonable attorneys' fees, costs, and expenses, pursuant to 15 U.S.C. 1114, 1116, and 1117, and enhancement of Plaintiff's award of lost profits and trebling of Plaintiff's damages pursuant to 15 U.S.C. 1117.

WHEREFORE, Plaintiff Sweetie Pie's Upper Crust, LLC d/b/a Sweetie Pie's prays for judgment against Defendants such that:

48.     The Court permanently enjoin Defendants, and any agent, officer, employee, representative, successor, assign or attorney of Defendants, and any person acting for, with, by, through or under authority of the Defendants, from:

a.     Using the name "Sweetie Pie's," "Sweetie Pie's Bakery," "Sweetie Pie's Bakery on Main," or any variation on "Sweetie Pie's" in any manner in connection with the marketing or operation of Defendants' business;

b.     Expressly or by implication representing that Defendants or its goods or services are those of or are affiliated with, authorized, licensed, endorsed, or sponsored by Plaintiff including without limitation, Defendants maintaining any advertisement or listing which uses the name "Sweetie Pie's";

c.     Selling any goods or services or engaging in any actions which are likely to cause injury to Plaintiff's business reputation, including but not limited to use of Plaintiff's protected trademarks;

d.      Making or engaging in any false descriptions, false designations, or false representations with respect to goods or services of Plaintiff; or

f.      Otherwise infringing upon Plaintiff's trademarks or unfairly competing with Plaintiff in any manner whatsoever.

49.     That Defendants be ordered to remove all signage in which the words "Sweetie Pie's" is used, and to recall and destroy any advertising materials in Defendants' actual or constructive possession using the words "Sweetie Pie's" in connection with Defendants' business, and to cease and desist the sale, distribution, or use of all such items;

50.     That Defendants be ordered to immediately contact all print or online advertisers, print or online telephone directories, Facebook, or any other marketing channel which Defendants or any principal or agent of Defendants has any listing or pages using the words "Sweetie Pie's" and to correct each and every such listing, that Defendants be ordered to correct any incorrect metatag or meta data in which Defendants infringe upon Plaintiff's trademark; and that Defendants be ordered to terminate and not renew any of Defendant's directory listings using "Sweetie Pie's effective immediately upon the entry of this Court's order;

51.     That Defendants be compelled to account to Plaintiff for any and all profits derived by Defendants from the use of Plaintiff's trademark.

52.     That Plaintiff be awarded judgment against Defendants in the amount of all damages caused by the infringing acts of Defendants, including without limitation prejudgement interest on all such damages;

53.     That because of Defendants' knowing and intentional use of Plaintiff's trademark, that Plaintiff's damages be trebled and the award of profits enhanced as provided by 15 U.S.C. Section 1117(a);

54.     That Defendants be ordered to pay to Plaintiff the costs and expenses of this action and Plaintiff's reasonable attorneys' fees, pursuant to 15 U.S.C. 1117(a);

55.     That Plaintiff be awarded punitive damages against Defendants, because of Defendants continued willful and deliberate infringement of Plaintiff's trademark and to deter such conduct in the future; and

56.     For such other and further conduct as the Court deems just and proper in the circumstances.

## COUNT II
### Common Law Service Mark Infringement and Unfair Competition

57.     Plaintiff incorporates by reference all prior paragraphs of this Complaint as if such were fully set forth herein.

58.     Defendants' use of the Sweetie Pie's name is likely to cause consumer confusion as to whether Defendants' storefront is associated with, affiliated or sponsored by Plaintiff, and infringes on Plaintiff's service mark rights.

59.     Upon information and belief, Defendants' actions are knowing, intentional and willful.

60.     As a result of Defendants' acts of service mark infringement and unfair competition under Missouri law, Plaintiff is suffering irreparable harm for which there is no adequate remedy at law.

61.     Unless Defendants are enjoined by this Court, they will continue to commit acts of infringement of the Sweetie Pie's name and unfair competition, and will continue to confuse the public and cause irreparable harm to Plaintiff.

62.     Plaintiff is entitled to recover from Defendants their profits and any damages that Plaintiff has sustained from Defendants' infringement and unfair competition.

63.     Upon information and belief, Defendants' misconduct is done with reckless indifference towards the rights of others, and so Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff respectfully requests that the Court enter a preliminary and permanent injunction enjoining Defendants from continuing to use the Sweetie Pie's® Mark or the Sweetie Pie's trade name in conjunction with restaurant related services. Plaintiff also requests that the Court award it damages associated with Defendants' past use of the Sweetie Pie's® Mark and trade name, including but not limited to Defendants' profits, damages sustained by Plaintiff as the result of Defendants' conduct, punitive damages, and such further and alternative relief this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

**ROSS & VOYTAS, LLC**

/s/ Richard A. Voytas, Jr.

_____

Richard A. Voytas, Jr., #52046 MO
rick@rossvoytas.com
Nathan K. Bruns, #71812 MO
bruns@rossvoytas.com
12444 Powerscourt Drive, Ste 370
St. Louis, MO 63131
Phone: (314) 394-0605
Fax:    (636) 333-1212

Attorneys for Plaintiff

13